IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Freddie Prophet,<br><br>　　　PETITIONER<br><br>　v.<br><br>United States of America,<br><br>　　　RESPONDENT | Crim. No. 4:02-cr-00813-TLW-3<br>C/A No. 4:16-cv-02982-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Freddie Prophet. For the reasons stated below, the Court dismisses the petition.

## I.　Factual and Procedural History

Petitioner was charged in a three-defendant, five-count indictment with armed bank robbery (Count 1); using and carrying a firearm during a crime of violence (Count 2); and being a felon in possession of a firearm (Count 5). ECF No. 23. He pled guilty to all three counts, and the Court sentenced him to a total of 259 months, consisting of 175 months on Counts 1 and 5, and 84 months consecutive on Count 2. Judgment was entered on March 4, 2004. ECF No. 83. He did not file a direct appeal.

Petitioner was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses a firearm and who has three or more prior convictions for

1

committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1]

On August 8, 2016,[2] Petitioner filed this petition under 28 U.S.C. § 2255, asserting that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer has the required number of predicate convictions to be an armed career criminal. ECF No. 153 at 4. The Government filed a motion to dismiss, asserting that the petition should be dismissed as untimely, ECF No. 163, and he then filed a response to the Government's motion, ECF No. 168.

This matter is now ripe for decision.

## II. 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if the petitioner proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration on Count 5. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

[2] This is the date on which he signed his petition. *See* ECF No. 153 at 13. Nothing on any of the filings related to his petition gives any indication when the petition was placed in the prison mailing system, but the Court will give him the benefit of the doubt and will consider the date he signed the petition to be the date he put it in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266 (1988).

2

(4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)). Conclusory and vague allegations without factual specifics cannot entitle a petitioner to relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this petition pro se. Courts are required to liberally construe pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special

3

judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

### A. Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 petition must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

#### 1. *§ 2255(f)(1)*

Petitioner's motion is untimely under § 2255(f)(1). His one-year statute of

limitations began to run on March 18, 2004, the date his conviction became final after he declined to file a direct appeal. Thus, under § 2255(f)(1), he had one year—until March 18, 2005—in which to file his § 2255 petition. However, he did not file his petition until August 8, 2016—more than eleven years too late. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).

### 2. *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from filing his petition. Accordingly, the Court concludes that his petition is untimely pursuant to § 2255(f)(2).

### 3. *§ 2255(f)(3)*

Petitioner asserts that he is entitled to relief pursuant to *Johnson*. The Supreme Court decided that case on June 26, 2015, making his deadline June 27, 2016 to file a *Johnson*-based petition. However, he did not file this petition until August 8, 2016—more than a month beyond the deadline. Because he did not file his petition within one year of the *Johnson* decision, his petition is untimely pursuant to § 2255(f)(3).

### 4. *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies

5

to this case. Petitioner does not allege, much less establish, that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(4).

B. Equitable tolling

Petitioner argues that the doctrine of equitable tolling applies to his case to excuse his untimeliness. He says that he originally mailed his petition to the Fourth Circuit, rather than the district court. ECF No. 168 at 2. However, he does not say when he mailed his petition, and there is no record in the Fourth Circuit's public index of him filing anything there. Furthermore, the Court has given him the benefit of the doubt and credited the date he signed his petition to be its filing date.

Though AEDPA's one-year statute of limitations is subject to equitable tolling, that doctrine is a narrow one. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and alterations omitted). Equitable tolling only applies "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (citations omitted). There are generally two situations where equitable tolling could apply to a § 2255 petition: (1) where the petitioner was prevented from asserting his claim by some kind of wrongful conduct

on the part of the Government; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file the claim on time. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

None of these situations are applicable here. Petitioner does not allege, much less establish, that the Government engaged in any wrongful conduct that prevented him from filing his § 2255 petition. Additionally, his failure to timely file his petition is not a "circumstance[] external to [his] own conduct." *Whiteside*, 775 F.3d at 184. Thus, the Court is not persuaded that he has established a sufficient basis to ignore the limitations imposed by Congress. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.

### C. Actual innocence

Petitioner also argues that, under the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), he is not constrained by AEDPA's statute of limitations because he is "actually innocent" of being an armed career criminal. There is no merit to that argument.

The Government correctly notes that this exception only applies to cases in which the defendant is actually innocent of the crime of conviction, not the sentence. *See McQuiggin*, 569 U.S. at 394–95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." (citation omitted)). The Fourth Circuit has also recognized the limited nature of *McQuiggin*'s holding and has declined to extend its reasoning to cases where

a petitioner asserts actual innocence of his sentence. *See United States v. Jones*, 758 F.3d 579, 584 (4th Cir. 2014) ("[Petitioner] now asks us to extend the reasoning of *McQuiggin*, in which the petitioner claimed actual innocence of his crime of conviction, to his case, in which he asserts actual innocence of his sentence. For several reasons, we decline to do so."). Thus, because Petitioner does not assert that he is actually innocent of his offense of conviction—being a felon in possession of a firearm—and instead only asserts that he is actually innocent of his sentencing enhancement, the Court concludes that the limited holding in *McQuiggin* does not apply to his case to excuse his failure to timely file his petition.

## V. Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 163, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 153, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

               *s/ Terry L. Wooten*
               Terry L. Wooten
               Chief United States District Judge

February 12, 2019
Columbia, South Carolina